NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0480n.06

Case No. 22-3021

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 29, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| ERIC MICHAEL THOMAS, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: COLE, CLAY and MATHIS, Circuit Judges.

COLE, Circuit Judge. Eric Thomas has been twice convicted of possession of child pornography, the first in 2010 and the second in 2019. After his arraignment in the second case, Thomas underwent two psychological evaluations to assess his sanity and competency, in response to which the district court ordered a competency hearing. Placing greater weight on one evaluation than the other, the district court found Thomas competent to stand trial. Thomas appealed, alleging clear error as to the competency finding. Because the district court's conclusion rests on a proper consideration of the conflicting expert evaluations and presents no clear error, we AFFIRM the district court's opinion and order finding Thomas competent to stand trial.

## I. BACKGROUND

While on supervised released, Thomas was indicted for possession of child pornography. Following his arraignment, Thomas filed a notice of his intent to assert an insanity defense and to

introduce expert evidence of a mental disease, defect, or other condition bearing on the issue of guilt. The district court continued Thomas's trial after defense counsel's psychologist expressed concerns about Thomas's competency to stand trial and requested more time to prepare a formal report on her findings. The district court subsequently granted the government's request for an additional expert examination as to Thomas's mental health.

Both expert psychological evaluations focused only on Thomas's competency to stand trial, but the reports came to conflicting conclusions. Defense counsel's expert found that Thomas suffers from "a mental disease and a mental defect" that rendered him unable to either understand the nature and consequences of the proceedings against him or to assist his attorney in his defense, and therefore concluded Thomas was incompetent to stand trial at the time of her report. In contrast, the government's expert concluded that Thomas was competent to stand trial at the time of her report notwithstanding her agreement regarding the presence of a mental defect.

This tension led the district court to order a competency hearing sua sponte, after which the court determined Thomas was presently competent to stand trial. Thomas subsequently pleaded guilty, reserving his right to appeal the district court's competency finding. The district court sentenced Thomas to a prison term of 120 months and supervised release for life, and recommended he "participate in a sex offender treatment program, mental health counseling, and vocational programming" while incarcerated. Thomas timely appealed to this court, challenging only the district court's competency determination.

## II. ANALYSIS

A criminal defendant may not be tried unless he is competent because "the conviction of an accused person while he is legally incompetent violates due process[.]" *Pate v. Robinson*, 383 U.S. 375, 378 (1966) (citing *Bishop v. United States*, 350 U.S. 961 (1956)). Statutorily, a

defendant is incompetent to stand trial if, at the time of trial, "he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §§ 4241(a), (d). As interpreted, to be competent to stand trial, a criminal defendant must possess both a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). Following a competency hearing, which is triggered by "reasonable cause to believe that the defendant may presently be" incompetent, pretrial competency must be determined by a preponderance of the evidence. §§ 4241(a), (d).

"A defendant's competence is a question of fact, which we review for clear error." *United States v. Dubrule*, 822 F.3d 866, 875 (6th Cir. 2016) (internal quotations omitted) (quoting *Harries v. Bell*, 417 F.3d 631, 635 (6th Cir. 2005)). Competency "demands a 'difficult,' fact-intensive judgment call by the trial court, one that generates a heap of deference." *United States v. Tucci-Jarraf*, 939 F.3d 790, 796 (6th Cir. 2019) (internal citations omitted) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975); *United States v. Stafford*, 782 F.3d 786, 791 (6th Cir. 2015)). Under a clear error standard, whether this court would reach a different conclusion regarding Thomas's competency based on this evidence is immaterial. *See Dubrule*, 822 F.3d at 875. Rather, we reverse the district court's factual conclusions only if they are "against the clear weight of the evidence" or if "upon review of the evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. Grubbs*, 773 F.3d 726, 731 (6th Cir. 2014)). "After all, through personal observation, the trial judge 'will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant.'" *United States v. Hood*, 827 F. App'x 524, 529 (6th Cir. 2020) (quoting *Indiana v. Edwards*, 554 U.S. 164, 177 (2008)).

Before delving into the substance of the competency analysis, we first pause to address Thomas's observation that the competency hearing was conducted "with the implicit belief that the burden of proof to establish competency was upon [him]." (Reply Br. 5.) It is undisputed that "this Circuit has never explicitly stated who bears the burden of proving a defendant's [pretrial] competency." *Dubrule*, 822 F.3d at 876 n.3. It is further undisputed that who bears this burden matters only when the evidence is "in equipoise"—meaning the evidence that a defendant is competent is just as strong as the evidence that he is incompetent—which is understood to be "a narrow class of cases." *Medina v. California*, 505 U.S. 437, 449 (1992). As the trier of fact, it is the district court's obligation to weigh the evidence. *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

Here, the district court did just that. The district court narrated its consideration of the conflicting expert opinions, the undisputed diagnosis of at least one mental defect, and concerns about Thomas's attention span and reaction to the "high-pressure, stressful" nature of trial. (Op. and Order, R. 49 (Sealed), PageID 207–13.) Because the district court's conclusion resulting from this analysis—that the evidence weighs more heavily in favor of Thomas's competency and is therefore not in equipoise—is not clearly erroneous, the district court properly determined the burden of proof was immaterial to the outcome in Thomas's case. It is worth noting that Thomas is correct that if the evidence was in equipoise, then the court would need to consider who bears the burden of proof. But it is unnecessary to wade into the seemingly murky waters of this burden allocation here because of the district court's justified conclusion that the evidence was not equally balanced.

Moving on from this threshold issue, substantively, the bar for incompetency is high and requires a review of "the defendant's demeanor, medical opinions regarding competency, evidence

of irrational behavior, the court's own observations, the observations of defendant's counsel, and the defendant's psychiatric history." (Op. and Order, R. 49 (Sealed), PageID 205 (citing *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008)). Based on an individualized evaluation of each of these factors, the district court found that Thomas had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and was therefore presently competent to stand trial. (*Id.* at PageID 211–14.) On review of the record, we cannot say the district court clearly erred in concluding that evidence of Thomas's incompetency failed to reach this high bar.

For this reason, Thomas's argument that the district court did not apply *Dubrule*—which similarly dealt with conflicting expert competency evaluations—is misplaced. Thomas's discussion of *Dubrule* fails to recognize that no single factor—such as an expert's specific experiences or the length of their report—is dispositive in a fact finder's competency review, and that reasonable minds may disagree about how to weigh evidence without either conclusion constituting clear error. *See Dubrule,* 822 F.3d at 876. To be sure, the record and briefing include evidence and case law that cut against the district court's conclusion. But this was not lost on the lower court. The district court weighed those considerations on one side of the scale against those going the opposite direction on the other side of the scale. "In such a battle of the experts, we will not lightly disturb a district court's finding of mental competence." *Hood*, 827 F. App'x at 530 (citing *Dubrule*, 822 F.3d at 877). Because the district court's balancing of the evidence does not leave us with the definite and firm conviction that a mistake has been committed, we conclude that the district court's competency finding is not clearly erroneous.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's opinion and order.